Case 3:25-cv-00170-ECM-CWB   Document 1   Filed 03/03/25   Page 1 of 6

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Alabama
#### Northern Division

BRENT RILEY NUGENT

Plaintiff(s)

-v-

MELINDA CAMUS
CALVIN JOHNSON
CHRISTOPHER ROBERTS
AUBURN UNIVERSITY

Defendant(s)

Case No. 3:25-cv-00170-ECM-CWB

RECEIVED 2025 FEB 31 A 8:09 U.S. DISTRICT COURT MIDDLE DISTRICT ALA

RECEIVED 2025 MAR -3 A 8:33 U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## COMPLAINT AND REQUEST FOR INJUNCTION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Brent Riley Nugent |
   | Street Address | 4477 Lee rd 137 Lot 3 |
   | City and County | Auburn, Lee County |
   | State and Zip Code | AL 36832 |
   | Telephone Number | (318) 201-9192 |
   | E-mail Address | nugent.riley@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.



Page 1 of 6

**Defendant No. 1**

| | |
|---|---|
| Name | Melinda Camus |
| Job or Title (if known) | Associate Dean of Auburn University's College of Veterinary Medicine (AUCVM) |
| Street Address | 1180 Wire rd, Suite 217 Veterinary Education Center |
| City and County | Auburn, Lee County |
| State and Zip Code | AL, 36832 |
| Telephone Number | 334-844-2685 |
| E-mail Address (if known) | msc0068@auburn.edu |

**Defendant No. 2**

| | |
|---|---|
| Name | Calvin Johnson |
| Job or Title (if known) | Dean of AUCVM |
| Street Address | 1180 Wire rd, 104 Greene Hall |
| City and County | Auburn, Lee County |
| State and Zip Code | Alabama, 36832 |
| Telephone Number | 334-844-3694 |
| E-mail Address (if known) | johncal@auburn.edu |

**Defendant No. 3**

| | |
|---|---|
| Name | Christopher Roberts |
| Job or Title (if known) | President of Auburn University |
| Street Address | 208 Samford Hall, Auburn University, Office of the President |
| City and County | Auburn, Lee County |
| State and Zip Code | Alabama, 36832 |
| Telephone Number | 334-844-4650 |
| E-mail Address (if known) | president@auburn.edu |

**Defendant No. 4**

| | |
|---|---|
| Name | Auburn University |
| Job or Title (if known) | |
| Street Address | 202 Mary Martin Hall |
| City and County | Auburn, Lee County |
| State and Zip Code | Alabama, 36849 |
| Telephone Number | 334-844-4000 |
| E-mail Address (if known) | |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question           ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiff's claims arise under 42 U.S.C. § 1983 for violations of due process rights under the Fourteenth Amendment. This Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b), as Auburn University is located within this District and the events giving rise to the claims occurred here.

## III. Statement of Claim

Plaintiff, Brent Riley Nugent, was a student in good standing at Auburn University's College of Veterinary Medicine (CVM) and had successfully completed the required coursework necessary to begin clinical rotations upon his required withdrawal on February 19, 2025. On December 16, 2025, Plaintiff was informed that he was facing a required withdraw from the program based on allegations of off-campus misconduct. However, these allegations were factually incorrect, as Plaintiff was neither on probation nor arrested on the date cited by Auburn officials.

I. Defendant Melinda Camus, Associate Dean for Academic Affairs, issued a Notice Letter containing false and misleading allegations against Plaintiff, including claims that Plaintiff had been arrested on December 13, 2024, was on probation, and had a history of probation violations. These statements were untrue. Plaintiff had a misdemeanor possession charge from 2023, which was successfully resolved through a court referral program through the Auburn Municipal Court. Plaintiff completed all program requirements on February 3, 2025, and the charge was dismissed with prejudice. Despite this, Defendant Camus failed to correct these inaccuracies and proceeded with disciplinary action.

II. Defendant Calvin Johnson, Dean of Auburn University's College of Veterinary Medicine, demonstrated bias in the disciplinary process, as evidenced by his statement, as relayed by Defendant Camus, that:

*"He doesn't deserve to be here."* Defendant Johnson's influence over the Standards Committee tainted the process, preventing Plaintiff from receiving a fair and impartial review of the allegations against him.

III. Defendant Christopher Roberts, President of Auburn University, failed to ensure that Plaintiff received a fair disciplinary process. Plaintiff was not provided with sufficient notice or the opportunity to review the evidence against him before the hearing. The hearing process was flawed, as Plaintiff was found guilty of false allegations without any reference to, or provision of, the evidence used to initiate and conclude the disciplinary action. The procedural system in place was not followed, as the Student Conduct Notification was provided late and did not match the allegations in the notice given to Plaintiff.

IV. Defendant Auburn University failed to adhere to the College of Veterinary Medicine's Code of Professional Ethics and disciplinary policies. Auburn University's CVM policies require that allegations of unprofessional conduct be reviewed first by the Student Board of Ethical Relations before proceeding to the Standards Committee. Auburn did not follow this process, depriving Plaintiff of a fair review. Additionally, Auburn University allowed shifting justifications for dismissal, initially citing conduct violations but later introducing academic concerns without proper review. The failure to follow the outlined procedures not only violated Plaintiff's due process rights, it also constitutes a breach of contract.

As a result of Defendants' actions, Plaintiff has suffered severe harm, including the loss of his education, financial investment, career opportunities, and emotional distress. Plaintiff requests immediate court intervention to correct this injustice.

A. The events occurred at the Auburn University College of Veterinary Medicine, at Auburn, Alabama.

B. The events occurred from the allegation Notice on December 16, 2024, through required withdrawal on February 19, 2025.

## IV. Irreparable Injury

Plaintiff faces exclusion from the final stage of his doctoral education, forcing repayment of $182,000 in student loans without obtaining his degree. Despite passing the didactic portion of his curriculum, he was denied participation in the "white coat ceremony" and remains unable to graduate, potentially indefinitely. His required withdrawal also led to notification of dismissal from the SUIT treatment program due to his inactive student status. Without his degree, Plaintiff's earning potential is severely diminished, and his professional trajectory has been permanently altered. The administration's actions have deprived Plaintiff of his contractual rights and occupational liberty by and through their false allegations and a failure to follow established disciplinary procedures. Monetary damages cannot restore his lost education or career opportunities, nor can they undo the reputational harm caused by his wrongful dismissal. The psychological and financial burdens imposed on Plaintiff make injunctive relief essential to prevent further harm and to reinstate him in his program.

## V.    Causes of Action

I. First Cause of Action - Violation of Due Process under the 5th and 14th Amendments

Defendants, acting under color of state law, deprived Plaintiff of his constitutionally protected rights to due process under the 5th and 14th Amendments. (1) Defendant Camus issued a Notice Letter containing false and misleading allegations. (2) Defendant Johnson prejudged Plaintiff's case and influenced the outcome. (3) Defendant Roberts allowed disciplinary procedures to proceed without adherence to university policy. (4) Defendant Auburn University failed to follow its own policies, denying Plaintiff a meaningful opportunity to be heard.

II. Second Cause of Action - Breach of Contract

Defendant Auburn University, along with individual Defendants Camus, Johnson, and Roberts, breached Plaintiff's contractual rights by failing to adhere to the Auburn College of Veterinary Medicine Student Code of Ethical Conduct. (1) Auburn University entered into a contractual relationship with Plaintiff through its policies, which promised a fair disciplinary process. (2) Defendant Camus failed to provide Plaintiff access to evidence or a meaningful opportunity to respond. (3) Dean Johnson's prejudicial comment directly violated the

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## V. Causes of Action- cont.

CVM policy requiring a neutral decision-maker in disciplinary proceedings. (4) Defendant Roberts, failed to uphold university contractual obligations to ensure fairness. Defendants' actions deprived Plaintiff of his right to due process, education, and career opportunities, constituting a breach of contract and right to liberty in his profession.

## VI. Relief

Plaintiff seeks an injunction reinstating him to Auburn University's College of Veterinary Medicine, allowing him to complete his clinical rotations and obtain his degree. Plaintiff's primary goal is to resume his education and restore his career trajectory, as monetary damages cannot compensate for the lost time and professional opportunities. However, if the Court deems it appropriate, Plaintiff does not waive the right to compensatory relief for financial losses incurred due to wrongful dismissal, including student loan obligations and lost earning potential. Plaintiff also requests any further relief the Court finds just and proper to ensure fairness and justice in this matter.

Plaintiff requests that this Court grant the following relief:

1. Declaratory judgment that Defendants violated Plaintiff's due process rights and breached Auburn's contractual obligations.

2. An injunction reinstating Plaintiff to Auburn's College of Veterinary Medicine and removing any disciplinary records.

3. Any further relief the Court deems just and proper.

## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 03/03/25

Signature of Plaintiff: _[signature]_

Printed Name of Plaintiff: Brent Riley Nugent PRO SE