IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRENT RILEY NUGENT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:25-cv-170-TES-CWB |
| MELINDA CAMUS, et al., | ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Auburn University has filed a motion that seeks its dismissal as a party defendant. (*See* Doc. 25). At the core of the argument for dismissal is a claimed right to immunity under both federal and state law. (*See id. generally*). In his response to the motion, Plaintiff Nugent concedes the asserted application of immunity and "requests the Court dismiss Auburn University as a defendant while maintaining jurisdiction over the individual Defendants for injunctive relief under 42 U.S.C. § 1983." (*See* Doc. 29 at p. 1).

The undersigned Magistrate Judge agrees with the parties that the Eleventh Amendment cloaks Auburn University with absolute immunity against the claims now being asserted under 42 U.S.C. § 1983. *See* U.S. CONST. amend. XI; *see also Cardwell v. Auburn Univ. Montgomery*, 941 F. Supp. 2d 1322, 1328 (M.D. Ala. 2013) and *Harden v. Adams*, 760 F.2d 1158, 1163-64 (11th Cir. 1985). Such immunity has neither been abrogated by Congress nor waived by the State of Alabama in the § 1983 context. *See, e.g., Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1521 (11th Cir. 1990)). So too does the undersigned Magistrate Judge agree that the Eleventh Amendment protection afforded to Auburn University also extends to the asserted state law claims. *See Cardwell*, 941 F. Supp. 2d at 1328-29; *see also Flood v. Alabama Dep't of Indus. Rels.*, 948 F. Supp. 1535,

1

1542 (M.D. Ala. 1996). And in any event, the state law claims against Auburn University would be barred by the immunity granted under the Alabama Constitution. *See* ALA. CONST. art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."); *see also Cardwell*, 941 F. Supp. 2d at 1328-29.

Accordingly, the Magistrate Judge hereby **RECOMMENDS** that Auburn University's motion to dismiss (Doc. 25) be **GRANTED** such that all claims asserted against it are dismissed with prejudice. This action thereafter will proceed as to the individual defendants—who have each filed an Answer (*see* Docs. 20 & 26) and been directed to respond (*see* Doc. 31) to the pending request for preliminary injunctive relief (*see* Docs. 9, 12, & 28).

It is **ORDERED** that all objections to this Recommendation must be filed **no later than May 14, 2025**. An objecting party must identify the specific portion(s) of all factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. Unobjected-to factual and legal conclusions may be reviewed only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 30th day of April 2025.

                                                                             _____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**